UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Louis M. Kohus,

    Plaintiff,

    v.                                    Case No. 1:09cv503

Graco Children's Products, Inc., *et al.*,      Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court upon Defendant Graco Children's Products Inc.'s ("Graco") Motion to Dismiss (Doc. 25). Plaintiff Louis M. Kohus has filed a Memorandum in Opposition (Doc. 28) and Graco has filed a Reply (Doc. 29). In addition, Plaintiff filed a Notice of Supplemental Authority (Doc. 30) and Graco filed a Supplemental Response (Doc. 35).

Subsequent to the filing of Graco's Motion to Dismiss, Plaintiff filed a Motion for Leave to file a Supplemental Complaint. (Doc. 33.) Graco has filed a Response in Opposition (Doc. 36) and Plaintiff filed a Reply (Doc. 38).

**I.    BACKGROUND**

Plaintiff is an inventor. (Doc. 17, ¶ 5.) Graco manufacturers children's products. (Id., ¶ 6.) In 1985, Plaintiff contacted Graco to discuss his design for an open-top swing for infants. (Id., ¶ 10.) Plaintiff's design differed from the swings being manufactured by Graco at that time in that Plaintiff eliminated the overhead support structure. (Id., ¶ 12.) In his design, Plaintiff also curved the front legs of the swing to give it a "windswept look."

(Id., ¶ 13.)

In 1986, Graco requested that Plaintiff provide drawings of his swing. (Id., ¶ 11.) Graco agreed to obtain Plaintiff's written permission before designing or manufacturing swings based on Plaintiff's design. (Id., ¶ 18.) Graco also promised to pay Plaintiff for use of this material. (Id.) In reliance on these representations, Plaintiff agreed to provide Graco with additional designs. (Id.) The parties continued their discussions through 1989, and on several occasions, Plaintiff provided Graco with drawings of his open-top swing. (Id., ¶¶ 19-24.) However, the parties never reached an agreement regarding the rights to the swing design. (Id., ¶ 25.) After 2004, Plaintiff discovered that Graco was selling an open-top swing which was similar to his design. (Id., ¶¶ 31, 70.)

On July 17, 2009, Graco commenced this litigation. In his First Amended Complaint, Plaintiff brings claims for (1) copyright infringement; (2) contributory copyright infringement; and (3) promissory estoppel.

## II. ANALYSIS

### A. Motion to Dismiss

Graco's Motion to Dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In reviewing a motion to dismiss for failure to state a claim, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2007). "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M

*& G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 1949, *quoting Twombly*, 550 U.S. at 556.

### B. Direct copyright infringement

Plaintiff claims that Graco has infringed his copyrights by: (1) directly copying the drawings; (2) manufacturing swings based on the drawings; and (3) publishing and distributing two-dimensional images in Graco's packaging and literature of the swing that are copied from the drawings.

The Copyright Act gives copyright owners exclusive rights to reproduce, prepare derivative works from, distribute, and publicly perform or display a copyrighted work. 17 U.S.C. § 106. The Act also allows "the legal or beneficial owner of an exclusive right under a copyright . . . to institute an action for any infringement of that particular right." 17 U.S.C. § 501(b). A claim of copyright infringement requires proof of "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Plaintiff has registered four copyrights of drawings of the open-top swing. A certificate of copyright registration constitutes "*prima facie* evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c).

Graco first argues that the copyrights are not valid because the drawings are

designs for a "useful article." In other words, Graco argues that Plaintiff does not have exclusive rights in the production of a three-dimensional products by virtue of his copyright registration in his drawings.

The Copyright Act defines a useful article as "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101. A useful article is copyrightable only to the extent that it incorporates a design element that is physically or conceptually separable from the underlying product. *Chosun Int'l, Inc. v. Chrisha Creations, Ltd.*, 413 F.3d 324, 327 (2d Cir. 2005), *citing* 17 U.S.C. § 101. Where "design elements reflect a merger of aesthetic and functional considerations, the artistic aspects of a work cannot be said to be conceptually separable from the utilitarian elements." *Brandir Int'l, Inc. v. Cascade Pac. Lumber Co.*, 834 F.2d 1142, 1145 (2d Cir. 1987). Instead, conceptual separability is found "where design elements can be identified as reflecting the designer's artistic judgment exercised independently of functional influences." *Id.*

Plaintiff argues that this determination cannot be made upon a motion to dismiss. Graco disagrees, and points to this Court's decision in *Johnson v. Strauss*, 2009 WL 2916913 (S.D. Ohio Sept. 4, 2009) (unpublished). However, in *Johnson*, this Court noted that the plaintiff had not alleged *any* ornamental or design elements which reflected the plaintiff's artistic judgment independent from the functional aspects of the work. *Id.* at *6. In contrast, Plaintiff has identified allegations in the Amended Complaint which demonstrate conceptually separable elements: the curved front legs which give the swing a "'windswept look,' which [Kohus] believed conveyed the feeling of motion and flying through the air." (Doc. 17, ¶ 13); and the openness of the swing's top as a result of the

removal of the stabilizing bar (Id., ¶ 12, 14, 18, 31).

The Court finds that these allegations adequately suggest a right to relief above a speculative level. Therefore, Graco's Motion to Dismiss is DENIED to the extent that it relies on the issue of conceptual separability.

Next, Graco argues that even if Plaintiff has exclusive rights in the drawings themselves, Plaintiff has failed to plead allegations which would support an inference of copying. Graco argues that the images included in the Amended Complaint for side-by-side comparison are insufficient to establish substantial similarity.

Graco faults Plaintiff for not identifying Graco drawings which allegedly infringe his own drawings. However, in most cases, including this case, there is no direct evidence of copying. Where there is no direct evidence of copying, a plaintiff may establish "an inference of copying by showing (1) access to the allegedly-infringed work by the defendant(s) and (2) a substantial similarity between the two works at issue." *Kohus v. Mariol*, 328 F.3d 848, 853-54 (6th Cir. 2003). "Substantial similarity exists where 'the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value.'" *Stromback v. New Line Cinema*, 384 F.3d 283, 297 (6th Cir. 2004), *quoting Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1288 (10th Cir. 1996).

Plaintiff has clearly alleged that Graco had access to his drawings. Plaintiff alleges that the parties spent several years discussing the drawings, and Plaintiff provided drawings to Graco.

Graco questions whether the images in the Amended Complaint can be relied upon

to support an allegation of substantial similarity. Several courts have found that when the original work and the allegedly infringing copy are submitted with the pleadings and available to the court for side-by-side comparison, substantial similarity can be decided on a Rule 12(b)(6) motion to dismiss. *See Randolph v. Dimension Films*, 634 F.Supp.2d 779, 787 (S.D.Tex. 2009) (and cases cited therein). Therefore, the Court finds that Plaintiff has adequately alleged substantial similarity by including in the Amended Complaint the images of Plaintiff's copyrighted work next to photographs of Graco's allegedly infringing work. The images are adequate and it is not necessary for Plaintiff to include written allegations which spell out the similarities between the original work and the allegedly infringing copy to demonstrate that copying occurred.

Graco next argues that Plaintiff's drawings are "thin" copyrights because they consist of compilations of nonprotectible facts, ideas, or concepts. Graco argues that as a result, Plaintiff must show "supersubstantial" similarity.

The Sixth Circuit has not employed the "supersubstantial" similarity standard.[1] Instead, the Sixth Circuit has established a two-part test for substantial similarity:

> the first step 'requires identifying which aspects of the [plaintiff]'s work, if any, are protectible by copyright. . . .'[T]he second [step] 'involves determining whether the allegedly infringing work is 'substantially similar' to protectible elements of the [plaintiff]'s work. . . .'

*Kohus*, 328 F.3d at 855 (citations omitted).

---

[1] This standard appears to have its origins in a commonly relied upon treatise that explains that " if substantial similarity is the normal measure required to demonstrate infringement, 'supersubstantial' similarity must pertain when dealing with 'thin' works." 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 13.03[A] at 13-28 (1997).

Neither party has provided any detailed analysis of the first step of this test.[2] Without performing this filtering process, the Court finds that analysis of substantial similarity as part of the second step is meaningless. Therefore, the Court finds that Graco's Motion to Dismiss is DENIED to the extent that it relies upon the issue of substantial similarity.

Finally, Graco argues that this Court should dismiss Plaintiff's copyright infringement claim to the extent that it is based upon Graco's two-dimensional packaging material. Graco argues that the two-dimensional packaging material is unrelated to claims that the three-dimensional products themselves infringe. The Court agrees that the claim based on the two-dimensional packaging material is separate from the issues surrounding the three-dimensional manufactured swings. If it is established that the drawings depict a useful article free of design elements that are physically or conceptually separable from the underlying product, Graco was permitted to manufacture the article itself. However, in the event it is established that the drawings contain protectible elements, Plaintiff has the opportunity to show that the two-dimensional packaging materials are infringing copies of his drawings under the substantial similarity analysis outlined above. Therefore, the Court DENIES Graco's motion to the extent is seeks to dismiss Plaintiff's infringement claim based upon Graco's packaging and literature.

---

[2]The Court notes that the parties do make reference to the distinction between ideas and their expressions. Under the Copyright Act, protection does not extend "to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. §102(b). As the Sixth Circuit has explained: "This provision embodies the common-law idea-expression dichotomy that distinguishes the spheres of copyright and patent law." *Lexmark Intern., Inc. v. Static Control Components, Inc*., 387 F.3d 522, 534 (6th Cir. 2004). However, given the state of the record, the Court finds that any discussion of this distinction, as applied to Plaintiff's drawings, is premature.

### C. Contributory copyright infringement

Graco's sole argument for dismissal is that because Plaintiff has failed to state a claim for direct infringement, his claim for contributory infringement necessarily fails. Given the Court's disposition of Graco's Motion to Dismiss Plaintiff's claim for direct infringement, the Court finds that Graco's Motion to Dismiss the contributory infringement claim is DENIED.

### D. Promissory Estoppel

Graco argues that Plaintiff's claim for promissory estoppel is barred by Ohio's six-year statute of limitations. Graco argues further that even if the claim is timely, Plaintiff has failed to state a claim for promissory estoppel.

There is no dispute that Plaintiff's promissory estoppel claim is subject to Ohio's six-year statute of limitations applicable to claims based upon contracts not in writing. See Ohio Rev. Code § 2305.07. However, "a cause of action for breach of oral contract does not accrue until the plaintiff discovers the failure to perform as agreed." *Whittle v. Procter & Gamble*, 589 F. Supp. 2d 944, 949 (S.D. Ohio 2008). Here, Plaintiff alleges that after 2004, he discovered that Graco was using his swing design, in violation of Graco's promise to pay for use of the drawings. Plaintiff brought his claim for promissory estoppel on July 17, 2009, which is within the six-year statute of limitations. Therefore, Graco's Motion to Dismiss is DENIED to the extent that it argues that Plaintiff's claim for promissory estoppel is time-barred.

Under Ohio law, the elements of a promissory estoppel claim are (1) a clear, unambiguous promise; (2) reliance upon the promise by the person to whom the promise is made; (3) the reliance is reasonable and foreseeable; and (4) the person claiming

reliance is injured as a result of reliance on the promise.  *Executone of Columbus, Inc. v. Inter-Tel, Inc.*, 665 F.Supp.2d 899, 915 (S.D.Ohio 2009).

Graco argues that Plaintiff has not plead reasonable reliance because Plaintiff alleges that he gave Graco the drawings prior to any alleged promises being made.

Plaintiff alleges that Graco promised to: (1) obtain his permission before using his drawings and other copyrighted works, and (2) pay him for any use of those copyrighted works. (Doc. 17, ¶¶ 18, 64-65.)  Plaintiff alleges that he relied on these promises by providing Graco additional drawings.  (Id., ¶ 68.)  Therefore, as the Court reads Plaintiff's claim, Plaintiff provided Graco with initial drawings, Graco promised to refrain from using those drawings without paying for their use, and in reliance upon this promise, Plaintiff provided Graco with additional drawings.  The Court finds that Graco's alleged promise was not conditional, but is instead an unambiguous promise upon which Plaintiff allegedly relied.  Therefore, the Court finds that Graco's Motion to Dismiss Plaintiff's promissory estoppel claim is DENIED.

### E. Motion for Leave to File a Supplemental Complaint

Rule 15(d) of the Federal Rules of Civil Procedure provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  In considering whether to allow a plaintiff to supplement the complaint, a court should consider (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether the amendment is futile.  *Bromley v. Michigan*

*Education Ass'n-NEA*, 178 F.R.D. 148, 154 (E.D.Mich. 1998).  A court may deny a motion to supplement if the supplemental pleading contains a new legal theory or if granting the motion would delay proceedings.  *See Koukios v. Ganson*, No. 99-4060, 2000 WL 1175499 (6th Cir. Aug. 11, 2000) (unpublished).

Initially, Plaintiff moved to supplement the Amended Complaint to include copyright registrations which were issued during the pendency of this case.  The subject of the copyright registrations were models or sculptures of the open-top swing.  Subsequent to the filing of the motion, the Copyright Office indicated that it intended to cancel the registrations.  Plaintiff has stated that he intends to proceed based upon the registrations, regardless if all or part of the registrations are cancelled.

It is not clear from the arguments presented by the parties that any of the factors disfavoring allowing supplementation are present.  Therefore, the Court finds that Plaintiff's Motion for Leave to File Supplemental Complaint is GRANTED.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that:

1. Defendant Graco Children's Products Inc.'s ("Graco") Motion to Dismiss (Doc. 25) is **DENIED**;

2. Plaintiff Louis Kohus' Motion for Leave to File Supplemental Complaint (Doc. 33) is hereby **GRANTED**; and

   a. Plaintiff shall electronically file its Supplemental Amended Complaint within **seven (7) days** of entry of this Order.

**IT IS SO ORDERED.**

                                               */s/ Michael R. Barrett*
                                               Michael R. Barrett, Judge
                                               United States District Court